REGINALD H. PARSONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20422.   Promulgated August 8, 1950.

*Carl E. Davidson, Esq.,* for the petitioner.
*Robert G. Harless, Esq.,* for the respondent.

96

OPINION.

ARUNDELL, *Judge:* The law as applicable to the taxable year 1940 permitted employers to deduct reasonable amounts paid to provide pensions for employees in consideration of their past services as ordi-

nary and necessary business expense under section 23 (a),[1] *Lincoln Electric Co.* v. *Commissioner*, 162 Fed. (2d) 379, or as amounts transferred or paid into a pension trust over and above contributions made to the trust for the current year under section 23 (p).[2] *Tavannes Watch Co., Inc.* v. *Commissioner*, 176 Fed. (2d) 211.

The parties are agreed that the petitioner expended the total sum of $11,592.37 in 1940 for the purchase of paid-up annuities for ten of his regular employees, and respondent is willing to concede that the petitioner could have deducted this entire amount as ordinary and necessary business expense on his 1940 income tax return. However, we need not consider the question of whether the petitioner was so entitled to deduct the entire amount as ordinary and necessary business expense in 1940. It was not until the taxable year 1944 that the petitioner claimed any deduction in respect to the amount he expended in 1940 for the purchase of the paid-up annuities, at which time it was too late for him to reopen his 1940 income tax liability because of the statute of limitations. In his return for 1944, petitioner claimed a deduction equal to 10 per cent of the total amount expended in 1940 on the theory that the $11,592.37 constituted a reasonable amount transferred to a pension trust under section 23 (p) which might be apportioned by him in equal deductions over a 10-year period.

The issue presented is whether the $11,592.37 was paid to a "trust" within the meaning of section 23 (p).

Petitioner concedes that section 23 (p) required payments to be made to a "trust", but contends that the surrender to him of the General Industries stock by four of the ten regular employees as part payment for the annuities and the representations made by him in letters to all of his employees expressing his willingness to contribute whatever amounts were necessary to provide them with paid-up annuities in

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *.

[2] SEC. 23. (p) PENSION TRUSTS.—

(1) GENERAL RULE.—An employer establishing or maintaining a pension trust to provide for the payment of reasonable pensions to his employees shall be allowed as a deduction (in addition to the contributions to such trust during the taxable year to cover the pension liability accruing during the year, allowed as a deduction under subsection (a) of this section) a *reasonable amount transferred or paid* into such trust during the taxable year in excess of such contributions, but only if such amount (1) has not theretofore been allowable as a deduction, and (2) is apportioned in equal parts over a period of ten consecutive years beginning with the year in which the transfer or payment is made.

* * * * * * *

(3) EXEMPTION OF TRUSTS UNDER SECTION 165.—The provisions of paragraphs (1) and (2) of this subsection shall be subject to the qualification that the deduction under either paragraph shall be allowable only with respect to a taxable year (whether the year of the transfer or payment or a subsequent year) of the employer ending within or with a taxable year of the trust with respect to which the trust is exempt from tax under section 165.

recognition of their past services, gave rise to a technical trust of which the petitioner was trustee and qualified the arrangement as a "trust" within the meaning of section 23 (p). In the alternative, petitioner asks us to find "that the payments to the life insurance company, either in the aggregate or as to each individual annuity policy, constituted a trust of which the life insurance company was trustee."

In respect to petitioner's first contention, we are of the opinion that the intentions and proposals expressed by the petitioner in his letters to his employees and his conduct in connection with the purchase of the paid-up annuities did not constitute the creation of a permanent and irrevocable trust arrangement as contemplated by section 23 (p). It does not appear from the evidence that the petitioner at any time prior to the actual purchase of the annuities irrevocably set aside any funds for that purpose. The tenor of the correspondence cited by petitioner falls far short of a technical declaration of trust, but at most reflects petitioner's general sentiments with respect to the establishment of pension benefits. Nor do we find any evidence in the present record that the petitioner intended to act as a trustee for his employees in paying over funds to the insurance company for the purchase of the annuities. Each employee personally made application for his own annuity and received a contract issued in his own name. We are convinced the petitioner had no intention of assuming any role in the purchase of the annuities other than that of an employer contributing an adequate amount to discharge an obligation to compensate his employees for what he believed to be the real value of their past services. It may well be that the petitioner did assume some fiduciary relationship to those of his employees who turned over their stock in General Industries to him in contemplation of the plan and that he would have been liable for an accounting to such employees had he used the proceeds from the sale of such stock for any other purpose. However, in our judgment neither this possibility nor the statements made by petitioner in the course of his discussion of the proposed pension plan with his employees were sufficient to establish him as the trustee of a legally enforceable pension trust as envisioned by the statute. Cf. *Merrill Trust Co.*, 21 B. T. A. 1409; *Caxton Printers, Ltd.*, 27 B. T. A. 1110.

Petitioner raises the alternative contention that his payment of $11,592.37 to the insurance company for the purpose of providing a paid-up annuity for each of his regular employees upon reaching the age of 65 constituted the insurance company a trustee of a pension trust within the meaning of section 23 (p). Petitioner points out that the funds he expended for the paid-up annuity contracts were to be retained by the insurance company, to be invested by it, and the earnings accumulated for the payment of an annuity commencing upon an employee's reaching the retirement age.

While it may be recognized that the relation of the insurance company to a policyholder may be in the nature of a trust under certain circumstances, it is our opinion that an employer's purchase of a paid-up annuity contract for his employee does not serve to establish a pension trust within the purview of section 23 (p). It is significant to note that subsection (3) of section 23 (p) refers to the "taxable year of the trust" which would indicate that Congress contemplated a separate taxable entity whose right to exemption from the tax imposed by section 161 could be determined in accordance with the principles outlined in section 165. The paid-up annuities which petitioner would have us regard as trusts could not possess taxable years unless we were to assume that the insurance company undertook to segregate, retain, and invest the funds paid in by the petitioner for the annuities in question separate and distinct from other premiums it received in the general course of business and regarded such annuities as a separate trust or trusts requiring individual administration. Certainly this was not the case. The only conclusion we can reach on the basis of the present record is that nothing more than the customary contractual relationship was intended to exist and did exist between the insurance company and the petitioner's employees in respect to the paid-up annuities. In our opinion this did not constitute the establishment of a pension trust within the meaning of sections 23 (p) and 165.

Petitioner chiefly relies upon the decision of the Court of Appeals for the Second Circuit in *Tavannes, supra.* In that case it was recognized that a "trust" was required under the provisions of section 23 (p). It was held, however, that a separate corporation established to receive, invest, and administer the contributions of the employer for the benefit of its employees constituted a "trust" within the meaning of the statute. The Court's reasoning in *Tavannes, supra,* has no application here, for no comparable separate entity vested with trust powers and responsibilities, denominated as a trust or otherwise, can be found from the facts of the instant case.

Therefore, the respondent's determination is approved.

*Decision will be entered under Rule 50.*